IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:97CV78-MR
3:93CR89

| | |
|---|---|
| EWIN HENRIQUES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) [Doc. 25], filed July 25, 2008; and Petitioner's Motion to Compel [Doc. 27], filed December 11, 2009.

On December 7, 1993, pursuant to the terms of his plea agreement, Petitioner pled guilty to violating 21 U.S.C. § 846 and 18 U.S.C. § 924(c). On May 24, 1994, this Court sentenced Petitioner to two-hundred and eighty-eight months' imprisonment for the drug conviction and a consecutive sixty-month term of imprisonment for the gun conviction. Judgment was entered on July 6, 1994. [3:93cr89: Doc. 82]. Petitioner appealed his sentence and conviction to the United States Court of

Appeals. On April 18, 1995, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Henriques, 52 F.3d 322 (4th Cir. 1995).

On February 19, 1997, Petitioner filed a Motion to Vacate. [Doc. 1]. The Government opposed the motion on all claims except the claim asserting that Petitioner's § 924(c) conviction was improper in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The Government moved to dismiss Petitioner's § 924(c) conviction but argued that Petitioner should be resentenced pursuant to United States v. Hilary, 106 F.3d 1170 (4th Cir. 1997). This Court dismissed Petitioner's § 924(c) conviction but re-opened proceedings for an evidentiary hearing where the Court determined that a two point enhancement under § 2D1.1 should apply. On May 4,1998, the remaining claims in Petitioner's Motion to Vacate were denied. [Doc. 19].

Petitioner appealed this Court's denial of his remaining motion to vacate claims to the United States Court of Appeals for the Fourth Circuit. [Doc. 21]. On October 15, 1998, the Fourth Circuit dismissed Petitioner's appeal. United States v. Henriques, 165 F.3d 21 (4th Cir. 1998). On April 19, 1999, the United States Supreme Court denied Petitioner's petition for

a writ of certiorari appealing the denial of his motion to vacate. Henriques v. United States, 526 U.S. 1077, 119 S.Ct. 1480, 143 L.Ed.2d 562 (1999).

More than fourteen years after he was originally sentenced and more than ten years after he was resentenced, Petitioner has now filed a document pursuant to Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure asserting that a clear error existed in the original sentencing. [3:97cv78: Doc. 25 at 6]. More specifically, Petitioner asserts that his total offense level was erroneously calculated. [3:97cv78: Doc. 25 at 7]. Petitioner argues that he is attacking the process of this Court's collateral review,[1] not the merits of the ruling. [3:97cv78: Doc. 25 at 7].

Despite Petitioner's contentions to the contrary, a review of Petitioner's filing reveals that it is not properly brought under Rule 60(b). In United States v. Winestock, 340 F.3d 200 (4th Cir.), cert. denied, 540 U.S. 995, 124 S. Ct. 496, 157 L.Ed.2d 395 (2003), the United States Court of Appeals for the Fourth Circuit held that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of

---

[1] Petitioner's criminal docket reveals that he previously sought authorization from the Fourth Circuit to file a successive petition and was denied. [3:93cr89: Doc. 120].

claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Id. at 206. The Fourth Circuit went on to state that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application. Id. at 207. In contrast, a motion to reconsider which seeks to remedy some defect in the collateral review process is generally a proper motion to reconsider. Here, Petitioner is arguing that this Court incorrectly applied the law and that the Court should have found that his sentence was incorrect. Such an argument is not based upon a defect in the collateral review process. Consequently, because Petitioner's present motion is really a successive § 2255 application, this Court lacks jurisdiction to consider his claim.

Finally, even if Petitioner's motion were properly filed as a Rule 60(b) motion, it is untimely. A movant must file a motion pursuant to Rule 60(b)(5) and (6) within a "reasonable" time. As already noted, the instant motion was filed over fourteen years after Petitioner's original criminal judgment and over ten years after his amended criminal judgment. Petitioner provides no reason whatsoever for his extreme delay in raising this claim whether it originated at his original sentencing hearing or his

resentencing hearing. Accordingly, in the alternative, this Court denies Petitioner's motion as untimely.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b) [Doc. 25] is **DENIED**; and

2. Petitioner's Motion to Compel [Doc. 27] is **DENIED** as moot.

**IT IS SO ORDERED.**

Signed: January 14, 2010

Martin Reidinger
United States District Judge